UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID EDER BENITEZ, on behalf of himself, individually, and on behalf of all others similarly-situated, <br><br> Plaintiff, <br><br> -against- <br><br> RUSSELL SPEEDER'S MANAGEMENT COMPANY L.L.C. d/b/a RUSSEL SPEEDER'S CAR WASH, and MICHAEL SHULLMAN, individually, <br><br> Defendants. | **COMPLAINT** <br><br> Docket No.: <br><br> Jury Trial Demanded |

DAVID EDER BENITEZ ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BERLINGIERI LAW P.L.L.C., as and for his Complaint against RUSSELL SPEEDER'S MANAGEMENT COMPANY L.L.C. d/b/a Russel Speeder's Car Wash ("RSCW"), and MICHAEL SHULLMAN, individually, (collectively, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

**NATURE OF CASE**

1.  This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers pay employees their wages in full,

without deduction, NYLL § 193; (iv) the NYLL's requirement that employers pay employees all earned commissions within five business days after termination, NYLL § 191-c; (v) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); (vi) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information at the time of hire, NYLL § 195(1); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

  2. Plaintiff worked for Defendants - - a Connecticut limited liability company that operates a chain of car washes in, at least, Connecticut, New York, Nebraska, and Missouri, and its owner and day-to-day overseer - - as a customer service associate in Bedford Hills, New York, from February 28, 2022, to March 13, 2023. As described below, throughout his employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL or all of his earned commissions due under the NYLL. Specifically, throughout his employment, Defendants required Plaintiff to work in excess of forty hours virtually every week. However, Defendants failed to compensate Plaintiff with all of his commissions, and thus failed to properly calculate Plaintiff's regular rate of pay, and thereby failed to calculate and compensate Plaintiff at his proper overtime rate of one and one-half times his regular rate of pay for his hours worked over forty in a week. Additionally, Defendants, automatically deducted one hour each shift from Plaintiff's hours worked for a meal break, despite not permitting Plaintiff to take an uninterrupted meal break. As a result, Defendants failed to compensate Plaintiff at the statutorily-required overtime rate of one and one-half times his regular rate of pay for this time when it was over forty hours, and also took this unlawful deductions from Plaintiff's earned wages in violation of the NYLL.

3. Defendants also violated the NYLL by failing to compensate Plaintiff with all of his lawfully earned commissions within five business days after the termination of his employment.

4. Finally, Defendants violated the NYLL by failing to provide Plaintiff with an accurate wage statement on each payday or with any wage notice at the time of his hire, let alone an accurate notice.

5. Defendants have paid and treated all of their non-managerial employees, including cashiers, customer service associates, sales associates, car wash associates, and full-service technicians, in the same manner, across all of their locations.

6. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under New York law on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as the term is defined below, who opts-in to this action and who worked in New York.

7. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations periods, who worked for Defendants in New York, and who suffered damages as a result of Defendants' violations of the NYLL and the NYCRR.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et. seq.* The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as all Defendants are residents of Connecticut, in which this District is located.

## PARTIES

10. At all relevant times, Plaintiff worked for Defendants in New York, and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11. At all relevant times, Defendant RSCW was and is a Connecticut limited liability company with its principal place of business located at 607 Main Avenue, Second Floor, Norwalk, Connecticut 06851. Defendant RSCW is registered with the Connecticut Department of State to receive service of process at 185 Plains Road, Suite 209E, Milford, Connecticut 06460.

12. At all relevant times, Defendant Shullman was and is the owner and day-to-day overseer of Defendant RSCW, who in that role was and is ultimately responsible for all matters, while also delegating these powers to his managers, with respect to the hiring and firing of employees, as well as determining employees' hours, rates, and methods of pay, and for maintaining employment records, including those matters with respect to Plaintiff.

13. At all relevant times, Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR. Additionally, at all times relevant to the FLSA, Defendant RSCW's qualifying annual business has exceeded and exceeds $500,000.00, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they have employed two or more employees and conduct business in several states, including Connecticut, New York,

Nebraska, and Missouri, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees, who during the applicable FLSA limitations period, performed any work for Defendants as non-managerial hourly cashiers, customer service associates, sales associates, car wash associates, full-service technicians, or in a similar position, and who consent to file a claim to recover damages for unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

15. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

16. At all relevant times herein, Defendants are and have been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and continue to choose not to do so. Indeed, throughout Plaintiff's employment, Plaintiff complained to his manager, Mr. Diego, about Defendants' failure to pay overtime wages in accordance with the law, yet Defendants continued to violate the FLSA

by requiring Plaintiff to work over forty hours in a week without paying him for all of his overtime hours worked in excess of forty at the proper rate.

17. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

18. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendants subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

19. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

20. Plaintiff seeks certification of the following FRCP 23 class:

   Current and former non-managerial hourly workers, such as cashiers, customer service associates, sales associates, car wash associates, full-service technicians, or those working in a similar position, who during the applicable NYLL limitations period, performed any work for Defendants in New York ("Rule 23 Plaintiffs").

### Numerosity

21. During all times applicable to the NYLL, Defendants have employed, in total, at

least forty employees that are putative members of this class.

## Common Questions of Law and/or Fact

22.     There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; (3) whether Defendants automatically deducted a meal break from Rule 23 Plaintiffs' hours, regardless of whether they were able to take a free and clear break; (4) whether Defendants properly compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (5) whether Defendants properly compensated and compensate the Rule 23 Plaintiffs with all of their commissions earned; (6) whether Defendants properly compensated and compensate the Rule 23 Plaintiffs with all of their commissions earned within five days of their termination; (7) whether Defendants furnished and furnish the Rule 23 Plaintiffs with an accurate wage statement on each payday that contains the information required by NYLL § 195(3); (8) whether Defendants furnished and furnish the Rule 23 Plaintiffs with an accurate wage notice at hiring as required by NYLL § 195(1); (9) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (10) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (11) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (12) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (13) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

23.     As described in the "Background Facts" section below, Defendants employed Plaintiff and the Rule 23 Plaintiffs as non-managerial hourly employees in New York.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in excess of forty hours per week, yet Defendants have failed to pay them at the statutorily required rate of one and one-half times their respective regular rates of pay for all their hours worked in excess of forty, failed to compensate Plaintiff and Rule 23 Plaintiffs with all of their commissions earned, failed to compensate Plaintiff and Rule 23 Plaintiffs with all of their commissions earned within five days of their termination, and also failed to provide them with an accurate wage statement on each payday and wage notice at the time of their hire.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the rate of one and one-half times their regular rates for all hours worked per week in excess of forty, to be paid all of their lawfully earned commissions, to be paid all of their lawfully earned commissions within five days of their termination, to be furnished with an accurate wage statement on each payday, and to be furnished with an accurate wage notice at the time of hire.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations.  Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

Adequacy

24.     Plaintiff, as described below, worked the same or similar hours as the Rule 23

Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff at the proper overtime rate for all of his hours worked over forty each week, did not pay Plaintiff all of his lawfully earned commissions, did not pay Plaintiff all of his lawfully earned commissions within five days of his termination, and did not furnish him with an accurate wage statement on each payday or with an accurate wage notice at his time of hiring, which is substantially-similar to how Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants, and thus has no fear of retribution for his testimony. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

25. Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

26. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

27. Any lawsuit brought by any non-managerial hourly employee of Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

28. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

29. Defendant RSCW is a Connecticut limited liability company that operates car

washes in, at least, Connecticut, New York, Nebraska, and Missouri, which holds itself out to the public and does business under the name "Russel Speeder's Car Wash."

30. Defendant Shullman is Defendant RSCW's owner, who oversaw and oversees the daily operation of the business across all of its locations, and who exercises, and also delegates to his managers, control of the terms and conditions of employment for all of its employees, including Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs as detailed above. Indeed, Defendant Shullman met with all of his managers, including Mr. Diego, every week to remain informed of the current situation of the business and to give instructions on how its employees were to perform their duties.

31. Plaintiff worked for Defendants as a customer service associate from February 28, 2022, to March 14, 2023, at Defendants' location at 527 North Bedford Road, Bedford Hills, New York 10507.

32. In that role, Plaintiff's primary job responsibilities consisted of cleaning car interiors, selling memberships or other services to customers, and providing maintenance to any machinery as necessary.

33. Throughout Plaintiff's employment, Defendants required Plaintiff to work, and Plaintiff did generally work, six days per week, Fridays to Wednesdays, from 7:00 a.m. to 6:00 p.m., without a scheduled or uninterrupted break during his shifts, for a total of sixty-six hours per week.

34. Throughout his employment, Defendants paid Plaintiff on an hourly basis at the rate of $17.00 for all of his hours of worked up to forty, and at an overtime rate of $25.50 for some hours that he worked over forty.

35.     However, throughout his employment, Defendants automatically deducted one hour from Plaintiff's hours each shift for a meal break, even though Plaintiff was not able to take an uninterrupted break during his shift.  Defendants did not pay Plaintiff at all for this time.

36.     Additionally, Defendants operated a commission plan whereby Plaintiff would be provided with a commission based on any products that he "up-sold" to customers, such as Russel Speed Car Wash memberships and its various membership tiers, or various car-wash services and service upgrades if customers were not interested in the membership.

37.     However, Defendants only provided Plaintiff a portion of his actual commissions earned.  By failing to provide Plaintiff with all of his lawfully earned commissions, Defendants further failed to properly calculate Plaintiff's regular rate for that week in which the commissions were earned, and thereby also failed to compensate Plaintiff at the correct overtime rate of one and one-half times his regular rate of pay for all hours worked exceeding forty in a workweek.

38.     Furthermore, Defendants failed to provide Plaintiff with all of his lawfully earned commissions within five days of the termination of his employment.

39.     By way of example only, for the week of October 13 through October 19, 2022, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, without a scheduled or uninterrupted break during any shift:

> Thursday, October 13, 2022: off.;
>
> Friday, October 14, 2022: 7:00 a.m. until 6:00 p.m.;
>
> Saturday, October 15, 2022: 7:00 a.m. until 6:00 p.m.;
>
> Sunday, October 16, 2022: 7:00 a.m. until 6:00 p.m.;
>
> Monday, October 17, 2022: 7:00 a.m. until 6:00 p.m.;
>
> Tuesday, October 18, 2022: 7:00 a.m. until 6:00 p.m.; and

Wednesday, October 19, 2022: 7:00 a.m. until 6:00 p.m.

Accordingly, Plaintiff worked a total of sixty-six hours during this week. In exchange for his work, Defendants paid Plaintiff at his regular hourly rate of $17.00 for the first forty hours that he worked, at his overtime rate of $25.50 for the first twenty hours that he worked in excess of forty, and nothing for the remaining six hours of work that Defendants automatically deducted for the meal breaks that Plaintiff was not permitted to take.

40.  Defendants paid Plaintiff on a weekly basis by check.

41.  On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*: his actual hours worked, his proper overtime rate, and his overtime wages owed. Defendants' disclosure failures deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive, and resulted in the underpayment of wages as asserted herein.

42.  Additionally, at the time of his hire, Defendants failed to provide Plaintiff with any wage notice, let alone a notice that accurately listed, *inter alia*: Plaintiff's regular and overtime rates of pay and basis thereof; whether Plaintiff would be paid by the hour, salary, or in another manner; any allowances claimed; the regular payday designated by Defendants; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number. Defendants' failure to provide Plaintiff with a proper wage notice deprived Plaintiff of the ability to know exactly how much compensation he was entitled to and contributed to the underpayment of wages as asserted herein.

43.  Defendants have treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

44. Defendants have acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

45. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have worked was and is for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the FLSA*

46. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

48. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

49. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

50. Defendants willfully violated the FLSA.

51. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

52. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked in New York, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

54. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked in New York, are employees within the meaning of the NYLL and the NYCRR.

55. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked in New York, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

56. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked in New York, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

57. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked in New York, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unlawful Deductions in Violation of the NYLL*

58. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked in New York, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. NYLL § 193 prohibits employers from making any deduction from an employee's wages, outside of certain limited enumerated circumstances.

60. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked in New York, are employees within the meaning of the NYLL and the NYCRR.

61. As also described above, Defendants made unlawful deductions from the earned wages of Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked in New York.

62. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked in New York, are entitled to recover from Defendants the amount of each unlawful deduction.

63. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked in New York, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's unlawful deduction provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Timely Pay Earned Commissions upon Termination in Violation of the NYLL*

64. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked in New York, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

15

65. NYLL § 191-c requires employers to pay employees their earned commissions not later than five business days after termination.

66. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked in New York, are employees within the meaning of the NYLL.

67. As also described above, Defendants failed to pay Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked in New York, all earned commissions by not later than five business days after their termination.

68. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked in New York, are entitled to all unpaid commissions, liquidated damages, interest, and attorneys' fees for Defendants' violations of NYLL § 191-c.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

69. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked in New York, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

71. As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked in New York, with a wage statement that accurately contained the criteria that the NYLL requires.

72. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked in New York, in the amount of

$250.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00 per person.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

73. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked in New York, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

74. NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

75. As described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked in New York, with any wage notice at the time of hire, let alone a notice that accurately contained the criteria that the NYLL requires.

76. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked in New York, in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 per person.

### DEMAND FOR A JURY TRIAL

77. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

    a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f. Designation of Plaintiff and his counsel as collective/class action representatives under the FLSA and the FRCP;

g. Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

h. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

   i. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

   j. Pre-judgment and post-judgment interest, as provided by law; and

   k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: New York, New York
    December 22, 2023

               Respectfully submitted,

               Berlingieri Law, PLLC
               *Attorneys for Plaintiff*
               244 Fifth Avenue, Suite F276
               New York, New York 10001
               Tel. (347) 766-5185
               Fax. (914) 730-1044

         By: *Christopher J. Berlingieri*
            Christopher J. Berlingieri, Esq. (ct30335)